COUNTY COURT OF BRAXTON COUNTY *v.* E. M. SMITH *et als.*
and
LUTHER HARRIS *et als. v.* E. M. SMITH *et als.*

(No. 6898)

Submitted April 14, 1931. Decided April 21, 1931.

*G. C. Belknap* and *James E. Cutlip,* for appellant.
*John B. Morrison* and *Eakle & Eakle,* for appellees.

LITZ, PRESIDENT:

These are suits of interpleader to determine who of the defendants, E. M. Smith, W. S. Jones, Edward Cottrell and

M. C. Cunningham, is entitled to the rewards hereinafter mentioned. They were consolidated and heard together.

November 28, 1927, Jefferson Harris and Elvira Harris, his wife, were murdered at their home in Braxton County. Thereafter, the county court of Braxton County, plaintiff in the first suit, offered a reward of $250.00 to be paid to any person or persons furnishing "information to the authorities leading to the arrest and conviction of the party or parties" guilty of the murder. The children and heirs at law of J. L. Harris and Elvira Harris, plaintiffs in the second suit, likewise agreed to pay $500.00 as a reward for "information which will secure the arrest and conviction of the person or persons responsible for" the crime. M. C. Cunningham and W. S. Jones having waived any rights either may have had in the subject matter, evidence was taken in open court on the respective claims of E. M. Smith and Edward Cottrell; upon consideration whereof, both rewards were decreed to Cottrell. Smith has appealed on the ground that the trial court should have found in his favor.

The evidence for Cottrell shows: William Owens (who was later convicted of the murder) came to the home of Cottrell at Clay Courthouse on Wednesday in June, 1929, and remained until Saturday, following; Owens, in conversation with Cottrell on Wednesday evening, made statements tending to incriminate himself as the murderer; late in the afternoon of Saturday he made a full confession to Cottrell, admitting his guilt and narrating the details of the crime; immediately thereafter Owens left the home of Cottrell, walking, accompanied by Cottrell; while traveling together, Cottrell attempted to attract the attention of Mat Arthurs, a constable of Clay County, with the view of enlisting his assistance in effecting the arrest of Owens, but the officer, failing to understand Cottrell, did not respond; a short time later, while following Owens, Cottrell communicated the confession to Robert Burroughs and directed him to secure assistance of an officer to make the arrest; Burroughs promptly notified E. M. Smith, jailer and prohibition officer of Clay County, of Owens' confession and of his presence in the community, and requested Smith to join him in apprehending

Owens; thereupon, Burroughs, Smith and Winton Shelton started in an automobile obtained by Burroughs, to locate Owens; in the meantime, Cottrell, after accompanying and following Owens about three miles, and being threatened by him, stopped at a store where he telephoned the sheriff of Clay County, through Orville Colebank, that Owens had murdered the Harrises and was in the community, and requested the sheriff to help arrest him; the sheriff replied that he would send some one immediately to assist; soon thereafter, Cottrell met Burroughs, Smith and Shelton; the four, after some investigation, abandoned the search for the night; Cottrell, Smith and Burroughs, continuing the search together the following morning, discovered Owens about noon at the home of Benny Parks, on Middle Creek in Clay County; having separated a short while before, Cottrell and Burroughs found Owens ten or fifteen minutes before Smith arrived; Smith, accompanied by Burroughs, called Owens aside for an interview; after conversing with him a while, Smith withdrew and announced to persons nearby that he did not think he would be justified in arresting Owens as he doubted his guilt; in the meantime, Cottrell having joined Burroughs, and Owens consenting to surrender to the authorities, the three started to Clay Courthouse for that purpose; Smith, later joining them, told Owens that Captain Ray of the state police force wanted him at Clay Courthouse to which Owens replied "all right"; and the four proceeded together to Clay Courthouse where Owens was placed in jail; Cottrell later communicated the confession to the prosecuting attorney of Braxton County.

Smith admits that Cottrell told him of Owens' confession before the arrest and does not substantially deny any of the testimony for Cottrell, except to claim that he made the arrest himself without the aid of Cottrell or Burroughs. He further asserts that he had received information soon after the murder which he communicated to the sheriff and state police that caused him to suspect Owens as being implicated in the crime, although he admits that this information did not make any impression on the state police. The suspicion thus engendered in the mind of Smith, as he claims, was in no way,

however, responsible for the arrest of Owens who repeated his confession on being taken to Braxton County. Waiving the alleged disqualification of Smith, as an officer, to receive the rewards, the finding of the trial court is amply supported by the testimony. ''When the reward is offered for information leading to the arrest of a criminal or to the recovery of stolen property, etc., that person is entitled to it who first gives the information which is the effective means of securing the arrest or recovery of the property, although the physical capture may be made by others.'' 34 Cyc. 1743. ''If a reward is offered to any person furnishing evidence which will lead to the arrest and conviction of the person who committed a specified crime, it is not necessary that the person claiming such reward should be the first or only person giving information, if he was the person giving the first effective information which led to the arrest and conviction.'' 23 R. C. L. 1130.

The decree of the circuit court is affirmed.

*Affirmed.*